# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

### No. 7:11-CV-72-D

| | | |
|---|---|---|
| VICKIE L. BASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-21 & 27). The time for filing any responses or replies has expired, and, therefore, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-29). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-27) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## Statement of the Case

Plaintiff applied for Disability Insurance Benefits ("DIB") on February 27, 2009, alleging disability beginning August 28, 2008. (Tr. 10). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who

determined that Plaintiff was not disabled in a decision dated June 11, 2010. *Id.* at 10-17. The

Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for

review on February 14, 2011, rendering the ALJ's determination as Defendant's final decision.

*Id.* at 1-5. Plaintiff filed the instant action on May 12, 2011. (DE-5).

**Standard of Review**

      This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. §

405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of
> the record, a judgment affirming, modifying, or reversing the decision of
> the Commissioner of Social Security, with or without remanding the cause
> for a rehearing. The findings of the Commissioner of Social Security as to
> any fact, if supported by substantial evidence, shall be conclusive...

> 42 U.S.C. § 405(g).

      "Under the Social Security Act, [the Court] must uphold the factual findings of the

Secretary if they are supported by substantial evidence and were reached through application of

the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial

evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere

scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368

F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not]

undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . .

[its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is

limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported

by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d

1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

## **Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

<u>Mastro v. Apfel</u>, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 28, 2008. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) fibromyalgia; 2) chronic fatigue; 3) osteoarthritis; 4) chest pains; 5) hypertension; 6) migraines; and 7) obesity. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* at 13. The ALJ then determined that Plaintiff was capable of performing her past relevant work. *Id.* Accordingly, the ALJ determined that Plaintiff had not been under a disability from August 28, 2008 through June 11, 2010 . *Id.* at 16-17.

The ALJ's determinations were not supported by substantial evidence. In evaluating a claim for DIB, the ALJ must adequately explain his evaluation of a claimant's impairments. <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989); <u>Hines v. Bowen</u>, 872 F.2d 56, 59 (4th Cir. 1989); <u>Reichenbach v. Heckler</u>, 808 F.2d 309, 312 (4th Cir. 1985). He must also explicitly indicate the weight given to all relevant evidence. <u>Murphy v. Bowen</u>, 810 F.2d 433, 437 (4th Cir. 1987). *See also*, <u>Hines</u>, 872 F.2d at 59. Likewise, "an ALJ must discuss the evidence in the record and explain his reasons for not finding a disability." <u>Byrd v. Astrue</u>, 2012 WL 293304, * 4 (N.D.W.Va. February 1, 2012)(quotations omitted). "While an ALJ is not required to discuss every piece of evidence, he should discuss the evidence supporting his decision and the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* (quotations omitted). Here, the ALJ failed to do so.

Dr. Mouhamed Fakhri examined Plaintiff on May 14, 2009. *Id.* at 276-279. He noted

that Plaintiff was "very reliable" in describing her symptoms. *Id.* at 276. He also indicated that Plaintiff experienced sharp, aching pain in her joints and muscles on a constant basis. *Id.* Plaintiff stated that she felt "tired all the time." *Id.* Furthermore, Dr. Fakhri noted that Plaintiff was unable to perform her job any longer, and that her "symptoms are severely worse when she does housecleaning." *Id.* When examining Plaintiff, Dr. Fakhri noted that Plaintiff was sitting uncomfortably. *Id.* at 278. Plaintiff appeared stiff and in pain. *Id.* Specifically, Dr. Fakhri stated that Plaintiff "seemed to be very uncomfortable when she was doing the exam of her joints." *Id.* at 279. Dr. Fakhri noted that Plaintiff "showed severe 12/18 trigger and tender points." *Id.*

Plaintiff was also examined by Dr. Maria Watson on May 4, 2010. *Id.* at 308-311. She noted that Plaintiff's fibromyalgia was "getting worse." *Id.* at 308. Specifically, Dr. Watson indicated that Plaintiff "has trouble getting out of bed" and that Plaintiff was "in the bed . . . anywhere between 12 to 24 hours." *Id.* Upon examination, some of Plaintiff's joints were noted to be enlarged. *Id.* at 310. Ultimately, Dr. Watson stated that Plaintiff "has been having significant pain, and at this point disability." *Id.* at 311.

The ALJ devotes little attention in his decision to the findings and opinions of Drs. Fakhri and Watson. With regard to Dr. Fakhri, the ALJ simply notes that Plaintiff "reported to . . . [Dr. Fakhri] that the frequency and severity of her migraine attacks had decreased . . ." (Tr. 14). None of Dr. Fakhri's other findings are discussed with specificity. Notably absent is any discussion of Dr. Fakhri's opinion that Plaintiff reliably reported being in constant pain and was "unable to do [her job] anymore." *Id.* at 276.

Likewise, the ALJ dismisses Dr. Watson's opinion with little analysis, simply noting: "the undersigned affords Dr. Watson's comment little weight . . . [because t]he issue of whether

an individual is 'disabled' under the Social Security Act is not a medical issue, but rather an administrative issue governed by Social Security's regulations and reserved to the this agency's Commissioner." *Id.* at 14.

The ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

Nonetheless, when the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list:  1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Moreover, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and

must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011). "Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000).

Here, the ALJ's brief and incomplete analysis of the opinions and findings of Drs. Fakhri and Watson does not satisfy these requirements. Accordingly, this matter should be remanded to permit Defendant to make more specific finings with regard to the opinions and findings of Plaintiff's treating physicians.

## Conclusion

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-27) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, August 20, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE